THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| Michael E. Pettit, | ) | Case No.  2:16CV01019 DS |
| Movant, | ) | |
| vs. | ) | MEMORANDUM DECISION |
| | ) | ADDRESSING 28 U.S.C. § 2255 MOTION |
| UNTIED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  INTRODUCTION

Michael E. Pettit moves the Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Mr. Pettit was convicted after a jury trial of possession with intent to distribute five-hundred grams or more of cocaine in violation of 21 U.S.C. § 841(a)(B)(1)(b).  He was sentenced to a term of 120 months.  His conviction and sentence were affirmed on appeal.  By his present motion, Mr. Pettit claims that his counsel was constitutionally ineffective.

## II.  FACTUAL BACKGROUND

On April 17, 2013, Trooper Thomas Simpson of the Utah Highway Patrol stopped a Toyota Camry motor vehicle at milepost 150 on eastbound Interstate 80 in Summit County for traveling across the fog line on three occasions while traveling at the rate of 45 mph in the 65 mph zone.  Mr. Pettit was the driver and sole occupant of the vehicle and he consented to a search of the vehicle which revealed 2.8 kilograms of a substance that tested positive for cocaine. Pettit was then placed under arrest.

### III. DISCUSSION

Mr. Pettit asserts that his trial counsel was ineffective in the following respects: (1) failing to challenge the purpose of the initial detention;  (2) failing to challenge the factual findings relating to the prolonged stop; (3) failing to investigate and present mitigating factors associated with the factual findings; and (5) failing to challenge the constitutionality of the change in manner of the detention.

To establish an ineffective assistance of counsel claim, a party must establish two things: (1) that counsel's performance was deficient and (2) that the deficiency prejudiced petitioner's defense.  *Strickland  v. Washington*, 466 U.S. 668, 687-88 (1984).  Counsel's performance is deficient if it "falls below an objective standard of reasonableness." *Id*. at 690.  "'To be deficient, the performance must be outside the wide range of professionally competent assistance.  In other words, it must have been completely unreasonable, not merely wrong.'" *Byrd v. Workman*, 645 F.3d 1159,1168 (10th Cir.)(citations omitted), *cert. denied*, 132 S. Ct. 763 (2011).  "[R]eview of counsel's performance under the first prong of *Strickland* is a 'highly deferential' one." *Id*. (citation omitted).  Accordingly, "case law makes clear that '[c]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment,'... and that a petitioner 'bears a heavy burden' when it comes to overcoming that presumption".  *Id.* (citations omitted).

A defendant is prejudiced if it is shown "that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  Failure to establish either of the two *Strickland* prongs is dispositive.  *Byrd, 645 F.3d at 1168* (citing *Strickland*, 466 U.S. at 697)**.**

### A. Initial Detention

Mr. Pettit first asserts that his counsel was ineffective for failing to make challenges during the suppression hearing and on direct appeal to the purpose of the initial detention. He contends that counsel failed to present the potential causes of Pettit's lane movements; that counsel failed to argue that he merely touched the fog line, rather than crossed it; that counsel failed to argue that Utah § 41-6-61 (1) was ambiguous and that the statute cannot form the basis for probable cause; and that counsel was ineffective for failing to argue § 41-6-61 (1) was void for vagueness and could not form the basis for stop.

"[C]ounsel is not ineffective for failing to make a motion that would not succeed." *Delozier v. Simmons*, 531 F.3d 1306, 1323 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2058 (2009). Officer Simpson testified that he observed Mr. Pettit drive across the fog line multiple times. Although Pettit had just passed through a "snow burst" on mountainous terrain, the snow had subsided, and the roads were dry. On appeal the Tenth Circuit concluded that the initial stop was lawful[1]. The court finds that Pettit's arguments that counsel was ineffective for failing to raise issues incident to the initial detention are without merit and are not sufficiently deficient to meet the first prong of the *Strickland* test. Therefore, Mr. Pettit's counsel was not constitutionally deficient for failing to challenge the purpose of the initial detention.

### B. Prolonged Detention

Mr. Pettit next asserts that his right to effective assistance of counsel was violated by his attorney's failure to challenge the factual findings related to the prolonged stop; his failure to

---

[1] *See United States v. Pettit,* 785 F.3d 1374, 1380 (10th Cir 2015), *cert. denied*, 136 S. Ct. 282 (2015).

investigate and present mitigating factors associated with the factual findings; and his failure to challenge the constitutionality of the change in manner of the detention.  Mr. Pettit raised similar arguments on direct appeal and the Tenth Circuit determined after looking at the factors, including Pettit's apparent nervousness and the multiple suspended driver's licenses, that "taken as a whole, [these factors] establish reasonable suspicion supporting Mr. Pettit's extended detention."[2]  The issues surrounding the manner and time of detention were already argued and decided on direct appeal and this Court finds that Mr. Pettit's counsel was not constitutionally deficient for failing to challenge the factors associated with the manner or time of Pettit's detention.

---

[2] *See id.* at 1383.

## IV CONCLUSION

Mr. Pettit has failed to establish an ineffective assistance of counsel claim. Pettit does not show that his counsel's performance was so deficient as to fall below an objective standard of reasonableness. For the reasons stated, Mr. Pettit's motion to vacate, set aside or correct his sentence pursuant to 28 U.S. C. § 2255 is denied.

IT IS SO ORDERED.

DATED this 27th day of February, 2017.

BY THE COURT:

*David Sam*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT